IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEVO, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-301-SLR |
| | ) | |
| BUTAMAX™ ADVANCED | ) | |
| BIOFUELS LLC and DU PONT, | ) | |
| DE NEMOURS AND COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| GEVO, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-448-SLR |
| | ) | |
| BUTAMAX™ ADVANCED | ) | |
| BIOFUELS LLC and DU PONT, | ) | |
| DE NEMOURS AND COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

At Wilmington this 16th day of December, 2013, having considered plaintiff Gevo, Inc.'s ("plaintiff") motion to dismiss (D.I. 204)[1] and the papers submitted therewith; the court issues its decision based on the following reasoning:

1. **Background.** Gevo, Inc. ("Gevo") filed actions on March 13, 2012 and April

---

[1] References are to Civ. No. 12-301-SLR, unless otherwise indicated.

17, 2012 against Butamax™ Advanced Biofuels LLC ("Butamax") and Du Pont de Nemours and Company ("DuPont") for infringement of U.S. Patent Nos. 8,133,715; 8,153,415 and 8,158,404 (collectively, the patents-in-suit). (D.I. 1; Civ. No. 12-448 D.I. 6) The patents-in-suit relate to the five-step pathway of enzymatic reactions that converts pyruvate to isobutanol. Gevo is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Englewood, Colorado. Gevo is researching and developing methods to produce isobutanol. (D.I. 1 at ¶ 1; D.I. 205 at 2) Butamax is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. It develops biobutanol, a premium biofuel molecule. (D.I. 1 at ¶ 2) DuPont is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. It is a science company with leading capabilities in biotechnology. (*Id.* at ¶ 3)

2. After conducting discovery, Gevo provided Butamax with a covenant not to sue for the use of "Accused Technology," defined as certain modified recombinant microorganisms. (D.I. 206, ex. 8) Based on this covenant, Gevo volunteered to dismiss its infringement claims; however, Butamax refused to dismiss its counterclaims of invalidity and non-infringement. Currently before the court is Gevo's motion to dismiss Butamax's counterclaims for lack of subject matter jurisdiction, based on Gevo's covenant not to sue. (D.I. 204) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

3. **Standard**. Not only may the lack of subject matter jurisdiction be raised at any time, it cannot be waived and the court is obliged to address the issue on its own

motion. *See Moodie v. Fed. Reserve Bank of NY*, 58 F.3d 879, 882 (2d Cir. 1995). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). The Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201(a).[2] A party bringing an action for declaratory judgment must prove, by a preponderance of the evidence, that an actual controversy exists. *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992). An actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[3] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, (1941)). This is not a bright-line test. *See, e.g., Maryland Cas.*, 312 U.S. at 273; *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007).

---

[2]Gevo's covenant not to sue and willingness to dismiss the infringement causes of action would leave only Butamax's counterclaims for invalidity and non-infringement, transforming the case into a declaratory judgment action.

[3]"[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune*, 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). Consequently, the analysis of whether "a case of actual controversy" exists is essentially an analysis of whether Article III standing exists. *See generally id.*; *see also, e.g., SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007), *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008). For brevity's sake, the court confines its analysis in this opinion to whether, under the Declaratory Judgment Act, "a case of actual controversy" exists.

4. **Discussion.** There is an extensive pattern of litigation between these parties. Butamax initially sued defendant in this court on January 14, 2011, alleging infringement of two of its patents. *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, Civ. No. 11-54 (D. Del. Jan. 14, 2011). Currently, there are eleven cases pending between the parties, with Butamax as plaintiff in eight and Gevo as plaintiff in three.[4] The parties are direct competitors and are in a race to develop bio-isobutanol technology.

5. Gevo asserts that the covenant not to sue is broad and "extinguish[es] Butamax's liability with respect to every existing strain that Butamax has identified in this litigation. (D.I. 221 at 1) Butamax disagrees with the definition and scope of the "Accused Products" in the covenant not to sue, and argues that "its future commercial strains will necessarily have a different genetic background from its current strains, [therefore] the covenant must cover the use of the accused technology in the genetic background of those future strains." (D.I. 217 at 1) Butamax states that it will likely resume using the alleged infringing strains if the litigation is resolved in its favor. (D.I. 217 at 6-7)

6. Recombinant microorganisms, like pharmaceuticals and chemical arts, are unpredictable. *See Eisai Co. Ltd. v. Dr. Reddy's Labs. Ltd.*, 533 F.3d 1353, 1359 (Fed. Cir. 2008). Although Gevo may be seeking to limit the litigation between the parties, the covenant not to sue casts a cloud over Butamax's research and development efforts.[5]

---

[4]Seven other cases between the parties have been closed. DuPont is a party to most of the lawsuits.

[5]The parties already disagree on how to interpret the definition of "Accused Technology" used in the covenant not to sue.

4

Under a "totality of the circumstances" review, Butamax's desire to use the alleged infringing strains, along with the pattern of litigation between the parties and the unpredictability of the art, constitute facts sufficient to show the existence of an actual controversy between the parties. *Dish Network v. Tivo, Inc.*, 604 F. Supp. 2d 719, 723-724 (D. Del. 2009) (allowing a declaratory action to go forward based on litigation history between the parties and defendant's public statements regarding the probable infringement of plaintiff's redesigned products); *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007) (finding that pending litigation between the parties, combined with three other factors including defendant's filing of an abbreviated new drug application, was sufficient to sustain a declaratory action).

8. **Conclusion.** Clearly these parties are competing to be the first to market commercially viable bio-isobutanol technology. The problem is that they both are pursuing litigation while pursuing research, making infringement claims a moving target and invalidity claims the only means to create freedom to operate (i.e., to conduct their research). Under these unusual circumstances, the court finds a justiciable controversy.[6] For the foregoing reasons, Gevo's motion to dismiss (D.I. 204)[7] is denied. An order shall issue.

United States District Judge

---

[6] At the same time, the court recognizes the burdens of ongoing litigation, and does not mean by this memorandum to commend Butamax's decision to oppose dismissal or the parties' inability to find a non-litigation oriented means to pursue their technology interests.

[7] And corresponding motion, Civ. No. 12-448, D.I. 175.