IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEVO, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUTAMAX™ ADVANCED ) <br> BIOFUELS LLC and DU PONT, ) <br> DE NEMOURS AND COMPANY ) <br> ) <br> Defendants. ) | Civ. No. 12-301-SLR |
| GEVO, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUTAMAX™ ADVANCED ) <br> BIOFUELS LLC and DU PONT, ) <br> DE NEMOURS AND COMPANY ) <br> ) <br> Defendants. ) | Civ. No. 12-448-SLR |

**MEMORANDUM**

At Wilmington this 18th day of February, 2014, having considered plaintiff Gevo, Inc.'s ("Gevo") motion to stay (D.I. 229)[1] and the papers submitted therewith; the court issues its decision based on the following reasoning:

1. **Background.** Gevo filed actions on March 13, 2012 and April 17, 2012 against Butamax™ Advanced Biofuels LLC ("Butamax") and Du Pont de Nemours and Company ("DuPont") for infringement of U.S. Patent Nos. 8,133,715 ("the '715 patent"),

---

[1]References are to Civ. No. 12-301-SLR, unless otherwise indicated.

8,153,415 ("the '415 patent"), and 8,158,404 ("the '404 patent") (collectively, the patents-in-suit). (D.I. 1; Civ. No. 12-448 D.I. 6) The patents-in-suit relate to the five-step pathway of enzymatic reactions that converts pyruvate to isobutanol. Gevo is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Englewood, Colorado. (D.I. 1 at ¶ 1) Butamax is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. (D.I. 1 at ¶ 2) DuPont is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. (*Id.* at ¶ 3) Gevo and Butamax are competitors in the development of isobutanol technology.

    2. **Standard**. Motions to stay invoke the broad discretionary powers of the court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F.Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)); *see also Monsanto Co. v. Syngenta Seeds, Inc.*, Civ. No. 04–305, 2006 U.S. Dist. LEXIS 84963, at *3 (D. Del. Nov. 8, 2006) (citing *In re Innotron Diagnostics*, 800 F.2d 1077, 1085 (Fed. Cir. 1986)). Three general factors inform the court in this regard:

> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Enhanced Security Research, LLC v. Cisco Sys., Inc.*, Civ. No. 09–571, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (citing *St. Clair Intellectual Prop. Consultants v. Sony Corp.*, Civ. No. 01–557, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003)).

3. **Discussion.** After conducting discovery in these matters, Gevo provided Butamax with a covenant not to sue for the use of "Accused Technology," defined as certain modified recombinant microorganisms. (D.I. 206, ex. 8) Based on this covenant, Gevo volunteered to dismiss its infringement claims. Butamax refused to dismiss its counterclaims of invalidity and non-infringement. On December 16, 2013, the court denied Gevo's motion to dismiss based on the cloud cast over Butamax's research and development efforts from an unclear covenant not to sue, Butamax's desire to use the alleged infringing strains, along with the pattern of litigation between the parties and the unpredictability of the art.[2] (D.I. 223) Civ. No. 12-1724 (also involving microorganisms for isobutanol production) is the only remaining ongoing litigation filed by Gevo.

4. Butamax discontinued using strains containing certain modified microorganisms allegedly covered by the patents-in-suit. Butamax asserts that it does not yet know "[h]ow the resumption of the 'shelved' research may impact [its] current research" and, after reviewing its litigation choices, Butamax does not oppose a stay in Civ. No. 12-448, involving the '404 and '415 patents. (D.I. 246 at 7) Butamax, however, contends that a stay in Civ. No. 12-301, involving the '715 patent, will cause Butamax "damage and . . . prejudice." (Id. at 3) Butamax admits that its "products are still being developed and are evolving," and that the art is uncertain. (Id. at 7)

---

[2]Since this time, the court granted Gevo's motion to dismiss in Civ. No. 12-1301, based in part on the uncertainty surrounding the finalization of Butamax's isobutanol recovery process (or any other aspect of commercialization) and finding that the pattern of litigation between the parties was insufficient to sustain an actual controversy in the context of the patent at issue in that case. (Civ. No. 12-1301, D.I. 63)

5. Butamax alleges Gevo will gain a "tactical advantage, allowing it to evade resolution of . . . Butamax's invalidity arguments for years, while defending the '715 patent's validity before the PTO." (D.I. 246 at 6) Fact discovery and claim construction are complete and depositions are scheduled. The trial date is set for July 21, 2014.

6. Butamax chose to initiate a reexamination of the patents-in-suit in parallel with this litigation. In response, the PTO initially rejected all the claims of the '715 patent. While Butamax states it plans to resume research using the microorganism strain allegedly covered by the '715 patent, it has not provided the court with evidence that it actually will do so. (D.I. 246 at 4, 7) Gevo is willing to stay the cases pending the PTO's issuance of a Right to Appeal Notice. (D.I. 247 at 5) The parties are preparing for trial in about six months, however, rejection of the patent by the PTO would moot Butamax's counterclaims of invalidity (the only remaining claims to be litigated). Having considered the arguments put forth by both parties, and considering the time and expense of litigation, the court grants Gevo's motion to stay the case only until the PTO issues the Right to Appeal Notice. At that time, the parties will have 60 days to resurrect the litigation if they so desire.

7. **Conclusion.** For the foregoing reasons, Gevo's motion to stay (D.I. 229) is granted. An order shall issue.

United States District Judge